[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff seeks damages for personal injuries under the uninsured/underinsured coverage of his parents' automobile liability policy with defendant Allstate Insurance Company. The alleged injuries arose out of a motorcycle — automobile collision on July 6, 1990.
The plaintiff's motorcycle collided with an automobile owned and operated by one Marjorie Brazolovich. Her vehicle was covered under a $20,000 per person liability policy with Liberty Mutual. The plaintiff's motorcycle had a policy with Progressive Casualty Company providing $20,000 liability coverage per person and $20,000 uninsured motorist coverage per person. Liberty Mutual paid its entire $20,000 coverage to the plaintiff. Because the Liberty Mutual policy had the same liability coverage, ($20,000) as the plaintiff's uninsured motorist coverage with. Progressive ($20,000), no claim for uninsured/underinsured coverage is applicable under the motorcycle coverage with Progressive. Therefore, the plaintiff brings this action for benefits under the policy of his parents, Laura and Luke Ruggiero, with Allstate Insurance Company. That policy insures' two vehicles for $50,000 uninsured/underinsured motorist coverage. As stacked, the total of such coverage is $100,000 per person. The plaintiff claims to be insured under the "Insured Persons" definition of the policy to wit "you and any resident relative."
Defendant Allstate moves for summary judgment. It claims that the policies with Allstate each contain an exclusion which would preclude the plaintiff from receiving any benefits thereunder.
The applicable provisions of said policies are as follows:
"II. Part V.
Insured Persons.
(1) You and any resident relative."
"An uninsured auto is:
(4) an underinsured motor vehicle which has a liability bond or liability insurance in effect and applicable at the time of the accident, but in an amount less than the CT Page 9799 applicable limit for Uninsured Motorists coverage shown on the declarations page."
"Exclusions — what is not covered.
(2) bodily injury sustained while in, on, getting into or out of or when struck by an uninsured motor vehicle which is owned by you or a resident relative."
Allstate claims that the plaintiff's motorcycle with insurance coverage of $20,000 per person, clearly was insured for less than the applicable limit of liability for uninsured motorist coverage on the Allstate policy; and the motorcycle is specifically excluded by the policy exclusion which states that Allstate will not pay for bodily injury sustained while in . . . an uninsured motor vehicle which is owned by . . . a resident relative." Thus, the essence of Allstate's position is that the term "the uninsured motor vehicle" as used in section 38-175a-6 of the Regulations of Connecticut State Agencies and in Allstate's policy of insurance means something other than the tortfeasor's vehicle.
Plaintiff, on the other hand argues that the term "uninsured motor vehicle" means the tortfeasor's motor vehicle only. He also argues that if the term of the insurance policy at issue is ambiguous, any limitation of liability on uninsured or underinsured motorist coverage must be construed most strongly against the insurer.
Thus, the issue raised is as follows:
Does the term "uninsured motor vehicle" as used in the exclusion set forth in Allstate's policy, include the plaintiff's motorcycle or does it include the tortfeasor's vehicle only?
It is undisputed (1) that the plaintiff is a resident relative of his parents who own the two Allstate policies; (2) that for purposes of this motion he sustained bodily injury while on a motorcycle owned by him; (3) that the motorcycle had insurance coverage in the amount of $20,000 and uninsured motorist coverage in the amount of $20,000; (4) that for the purposes of this motion Marjorie Brazolovich and not the plaintiff was the tortfeasor. The issue, then, is whether the terms "uninsured motor vehicle" as used in Allstate's CT Page 9800 Exclusion refer only to the tortfeasor's vehicle or whether it also refers to the plaintiff's vehicle.
The court holds that the term "uninsured motor vehicle" as set forth in the policy exclusion refers only to a tortfeasor's motor vehicle, at least as far as underinsured motor vehicles are concerned. Since the motorcycle was not owned by the tortfeasor, it was not an underinsured vehicle.
If the plaintiff had had no insurance coverage at all on his motorcycle, then it could be said that the policy excluded his right to recover under the Allstate policies. Such is not the case here, however. Allstate claims that the plaintiff's motorcycle was underinsured. The court holds that the term "uninsured motor vehicle" as set forth in the exclusion does not refer to "underinsurance." The term "underinsured motor vehicle" has been held to refer only to the tortfeasor's vehicle. Metropolitan Property Insurance and Casualty Insurance Company v. Paul Starr, #517558, Superior Court, New London Judicial District at New London, June 27, 1991; Aetna Casualty Surety Co. et al v. Americo Arduini, Administrator et al. 4 Conn. L. Rptr 219 (1991) (and citations thereunder).
Accordingly, the motion for summary judgment is denied.
Allen, J.